UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                          Case No. 8:21-cv-102-T-24AEP

MIHIR TANEJA

    Defendant.

_____/

## UNITED STATES' UNOPPOSED MOTION TO MODIFY PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF HEALTH INFORMATION (DKT. 16)

    The United States respectfully files this motion seeking modification of the Protective Order Governing the Disclosure of Health Information (Dkt. 16) to encompass other confidential information, as well as third parties.

**Procedural Background**

    The United States filed this action on January 14, 2021. Dkt. 1. The parties filed a proposed protective order with the Case Management Report, which the Court entered. Dkt. 13-1, 16. Defendant filed a Motion to Dismiss, which is pending. Dkt. 17, 18. In the meantime, the United States has begun producing documents identified in its Rule 26 disclosures, and the parties have served discovery requests.

**Request for Modification**

The United States' production of documents will include documents obtained via search warrant from a previous related criminal investigation. Some of those documents may contain confidential information other than health information. In addition, the parties have realized that it may be helpful during discovery if third parties can produce documents pursuant to the Protective Order, while the Protective Order currently refers only to the parties.

According to paragraph 5, this Court permitted any party to seek a modification of the Protective Order. Accordingly, the United States requests that the Protective Order apply to all personal identifying information included in Federal Rule of Civil Procedure 5.2. In addition, the United States requests that this Court modify the Protective Order to apply to all documents containing health information or other personal identifying information (as defined in ¶ 1 of the Protective Order) produced by any third party in this matter. Accordingly, the United States proposes that paragraph 1 and 2 of the Protective Order be revised to include certain confidential information and to include productions by third parties as follows:

1) **Production of Information That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102-164.534, to 42 U.S.C. §1306, Federal Rule of Civil Procedure 5.2, or Other Privacy Protections**. The parties and third parties may produce certain individually identifiable health information (defined as health information that is connected to a patient's

name, address, Social Security number or other identifying number, including HIC number) and certain other confidential information (including tax-payer identification number, birthdate, financial account number) pursuant to discovery requests and subpoenas. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, to the provisions of 42 U.S.C. §1306, to Federal Rule of Civil Procedure 5.2, or there may be no waiver by the patient to produce the records. The parties and third parties shall produce these documents unredacted. Upon producing these documents, the parties shall designate them as "confidential" in the manner set forth in paragraph 2, below. The parties, including counsel and their personnel, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty signs the form of acknowledgement attached to this Order. The parties shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document of filing has been removed. Within 90 days of the final conclusion of this litigation, the parties shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to opposing counsel or the third party that produced them, or shall

destroy them and certify in writing to opposing counsel or the third party that the documents have been destroyed.

2) **Designation of Material Subject to this Protective Order**. To designate "confidential" material covered by this Protective Order, the parties and third parties shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION-SUBJECT TO PROTECTIVE ORDER."

## Conclusion

Wherefore the United States respectfully moves to modify the Protective Order by revising paragraphs 1 and 2 to cover certain confidential information and to include productions by third parties.

## Local Rule 3.01(g) Certification.

On June 4, 2021, undersigned counsel conferred with counsel for the Defendant, who does not oppose the relief requested.

Respectfully submitted, this 11th day of June 2021.

                                                  KARIN HOPPMANN
                                                  Acting United States Attorney

By: */s/ Michael R. Kenneth*
     MICHAEL R. KENNETH
     Assistant United States Attorney
     Florida Bar No. 44341
     400 North Tampa Street, Suite 3200
     Tampa, Florida 33602
     Telephone:  813-274-6000
     Facsimile:   813-274-6198
     E-Mail:  michael.kenneth@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 11, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

                                                  */s/ Michael R. Kenneth*
                                                  Michael R. Kenneth
                                                  Assistant United States Attorney