UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 8:21-cv-00102-SCB-AEP

MIHIR TANEJA,

    Defendant.

_____

## MODIFIED PROTECTIVE ORDER GOVERNING
## THE DISCLOSURE OF HEALTH INFORMATION

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

(1) **Production of Information That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102-164.534, to 42 U.S.C. §1306, Federal Rule of Civil Procedure 5.2, or Other Privacy Protections.** The parties and third parties may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number) and certain other

confidential information (including tax-payer identification number, birthdate, financial account number) pursuant to discovery requests and subpoenas. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, to the provisions of 42 U.S.C. §1306, to Federal Rule of Civil Procedure 5.2, or there may be no waiver by the patient to produce the records. The parties and third parties shall produce these documents unredacted. Upon producing these documents, the parties shall designate them as "confidential" in the manner set forth in paragraph 2, below. The parties, including counsel and their personnel, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation, and only if the nonparty signs the form of acknowledgement attached to this Order. The parties shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document of filing has been removed. Within 90 days of the final conclusion of this litigation, the parties shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to opposing counsel or the third party that produced them, or shall destroy them and certify in writing to opposing counsel or the third party that the documents have been destroyed.

(2)   **Designation of Material Subject to this Protective Order.** To designate "confidential" material covered by this Protective Order, the parties and

third parties shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION-SUBJECT TO PROTECTIVE ORDER."

(3) **Confidential Health Information in Depositions.** Parties may show deponents designated confidential documents. However, efforts should first be made, if practicable, to conceal the identity of the subject of the record by coding the documents to substitute a numerical or other designation for the patient's name or other identifying information. The parties may, within 30 business days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER." Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. If no party timely designates confidential information in a deposition, then none of the transcript
or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits, if necessary for a filing, shall be filed under seal separate from the portions and exhibits not so marked or the confidential health information shall be redacted.

(4)     **Confidential Health Information in Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers, requesting the court to submit such documents under seal, coding the documents to substitute a numerical or other designation for the patient's name or other identifying information, requesting that any exhibit be placed under seal, introducing summary evidence where practicable which may be more easily redacted, and assuring that all Social Security and HIC numbers associated with the names of individual patients have been removed. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(5)     **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(6)     **No Waiver.** The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(7)     **No Ruling on Discoverability Nor Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material

4

is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

(8) **Disclosure to Agencies or Departments of the United States.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

(9) **Disclosures to Congress.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

**DONE and ORDERED** this 15th day of June, 2021.

_____
SUSAN C. BUCKLEW
United States District Judge